UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM EUGENE HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-0594-CVE-PJC |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, William Eugene Henderson, a state prisoner appearing pro se. Petitioner also filed a brief in support of his petition (Dkt. # 5). Respondent filed a response to the petition (Dkt. # 8), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 8, 9, 10). Petitioner did not file a reply. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On June 9, 2008, Petitioner entered blind pleas of guilty in Tulsa County District Court, Case No. CF-2007-4405. See Dkt. # 10-1. On July 29, 2008, based on the pleas, the trial judge sentenced Petitioner for Robbery with a Firearm (Count I), Shooting with Intent to Kill (Count II), Kidnapping (Count III), Larceny of Automobile (Count V), Third Degree Arson (Count VI), and Assault and Battery with a Dangerous Weapon (Count VII).[1] The trial judge sentenced him to life imprisonment on Count I, life imprisonment on Count II, ten (10) years on Count III, five (5) years on Count V, ten (10) years on Count VI, and ten (10) years on Count VII. See Dkt. # 10-2, Trans. Sent. at 5. The judge ordered Counts I and II to be served concurrently with each other, but

---

[1] The charge of Sexual Battery (Count IV) was dismissed by the court on October 9, 2007, following Petitioner's preliminary hearing. See Dkt. # 10, Trans. Prelim. Hr'g at 78.

consecutively to the other sentences. Id. Counts III, V, and VI were to be served concurrently with each other, but consecutively to the other sentences. Id. Count VII was to be served consecutively to all other charges. Id. During the plea and sentencing proceedings, Petitioner was represented by attorney Melanie Lander.

On August 4, 2008, Petitioner filed a timely application to withdraw his guilty pleas. See Dkt. # 8, Ex. 4 at 11-12. On September 16, 2008, a hearing was held on Petitioner's motion to withdraw pleas. See Dkt. # 10-3, Trans. Mot. Withdraw Pleas Hr'g. The district court denied the motion. Id. at 47. Petitioner was represented by attorney Brian Aspan at the hearing on the motion to withdraw pleas.

Represented by attorney Thomas Purcell, Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 8, Ex. 1. He raised the following two propositions of error:

> Proposition I: Mr. Henderson did not enter his pleas knowingly, intelligently, and with due deliberation, therefore he should be allowed to withdraw his pleas.
>
> Proposition II: The prohibitions against double jeopardy and double punishment were violated when the robbery of a single victim resulted in six separate convictions.

(Id.) In an unpublished opinion, filed September 30, 2009, in Case No. C-2008-938, the OCCA granted certiorari in part and remanded to the district court to dismiss the judgment and sentence on Count III.[2] See Dkt. # 8, Ex. 3 at 4. The petition for a writ of certiorari was denied as to the remaining counts (I, II, V, VI, and VII). Id.

---

[2] The OCCA found that the Kidnapping conviction violated the Oklahoma statute prohibiting double punishment. See Dkt. # 8, Ex. 3 at 4.

Petitioner filed the instant habeas corpus petition on September 20, 2010, raising the identical propositions raised on certiorari appeal. See Dkt. # 1. Respondent contends that insofar as Petitioner raises claims cognizable on habeas review, he has failed to satisfy the requirements of 28 U.S.C. § 2254(d). See Dkt. # 8.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on certiorari appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA

adjudicated Petitioner's claims on certiorari appeal. Therefore, those claims shall be reviewed pursuant to § 2254(d).

　　　　1.　　　**Voluntariness of pleas**

As his first proposition of error, Petitioner complains that he should have been allowed to withdraw his guilty pleas because they were not entered "knowingly, intelligently, and with due deliberation." See Dkt. # 1 at 4. More specifically, Petitioner complains that his decision was not made "with due deliberation," that the trial court failed to establish a factual basis for the pleas, that he was misinformed about the punishment range for Count VI, and that there was no inquiry made into the effect of the medications he had taken the morning of the plea hearing. In rejecting this claim on certiorari appeal, the OCCA ruled as follows:

> The record before us refutes Henderson's claims that his pleas were not knowing and voluntary. The Summary of Facts, preliminary hearing testimony and testimony from the hearing on Henderson's motion to withdraw plea disprove that his pleas were entered without due deliberation, that he was under the impression that he would receive a twenty year sentence, that there was an insufficient factual basis, and that he was under the influence of medication at the time of the plea. The district court did not abuse its discretion in finding that Henderson's pleas of guilt were knowing and voluntary and so denying his motion to withdraw pleas.

(Dkt. # 8, Ex. 3 at 2-3). The OCCA also denied Petitioner's claim that he should be allowed to withdraw his plea to Count VI because he was misinformed about the punishment range for third degree arson. Although Petitioner was misinformed by the trial court about the minimum sentence, the OCCA found that the mistake did not render Petitioner's plea unknowing and involuntary. Id. at 3.

"A defendant's guilty plea must be knowing, voluntary, and intelligent. To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." See United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002)

(citations and internal quotation marks omitted). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

In this case, the record reflects that Petitioner's guilty pleas were knowing, intelligent and voluntary, and that Petitioner's decision to enter blind pleas of guilty was made "with due deliberation." The transcript from the plea hearing confirms that Petitioner understood the charges against him, and the maximum punishment for each charge. See Dkt. # 10-1, Trans. Plea Hr'g at 3-4. In addition, the trial judge specifically enumerated trial rights that Petitioner was waiving by pleading guilty, and confirmed that Petitioner understood the meaning of a blind plea. Id. at 4. The trial judge explained that there was no plea agreement and he carefully advised Petitioner that he could be subject to the maximum penalties for each of the crimes. The judge further explained that two of the crimes would result in incarceration of 85% of the time that is actually assessed. Id. at 5. Petitioner stated under oath at the plea hearing that he understood the range of punishment, that he was pleading guilty because he was guilty, and that no one forced him or promised him anything in exchange for his guilty pleas. Id. at 5-6. Based on the record cited above, it is clear that Petitioner was fully informed of the consequences of his guilty pleas, that he understood that there was no plea agreement and that the trial court could impose maximum sentences for the crimes. In addition,

5

contrary to Petitioner's argument, the trial judge insured at the plea hearing that a factual basis for Petitioner's plea existed. Id. at 6-7. Petitioner affirmed that on August 11, 2007, together with two co-defendants, he used a firearm to rob Jacob Francis, shot him, held him against his will, struck him with a pistol, took his vehicle and ended up burning it. Id.

Petitioner's allegations in proposition one are also belied by the "Plea of Guilty - Summary of Facts" filed in Petitioner's state district court case. See Dkt. # 8, Ex. 4 at 3-10.  On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at ¶ 5. He identified Melanie Lander as his lawyer. Id. at ¶ 2. Petitioner affirmed that he understood the nature and consequences of the proceeding, understood the charges against him and the range of punishment for each charge, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 9, 15, 16, 20 and 21. Significantly, he answered "No" to the question, "Are you currently taking any medications or substances which affect your ability to understand these proceedings?" Id. at ¶ 6. He indicated that he did not have any additional statements to the court. Id. at ¶ 32. Petitioner swore under oath that he had gone over the form with his attorney, understood its contents, that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id.

To the extent Petitioner claims he was misled or promised a sentence by his attorney, his claim fails because nothing in the record or provided by Petitioner demonstrates that his attorney, the prosecutor, the trial judge, or anyone else promised him a specific sentence. His attorney testified at the hearing on his motion to withdraw pleas that she did not tell Petitioner anything about the judge's sentencing because she did not know what the judge was going to do. See Dkt. # 10-3, Trans. Hr'g Mot. Withdraw Pleas at 38.  As to Petitioner's claim that his pleas were rendered

involuntary because the trial judge failed to inquire about the effect of medications he had taken the morning of the plea hearing,[3] the trial judge found that "it's clear that I asked him specifically about medication at the time, and I'm confident, with the testimony from his attorney and my recollection of his demeanor, that there was no impairment of mental faculties or decision-making ability." See Dkt. # 10-3, Trans. Hr'g Mot. Withdraw Pleas at 47.  Thus, the trial judge made a finding of fact that Petitioner was not impaired when he entered his pleas.  Under 28 U.S.C. § 2254(e)(1), that finding is presumed correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence.  Petitioner presents no evidence demonstrating that he was impaired by medication when he entered his pleas.  As a result, he has failed to rebut the presumption of correctness afforded the state court's determination of that factual issue.

Lastly, the Court agrees with the OCCA that the trial court's failure to advise Petitioner of the correct minimum sentence he faced on Count VI, Third Degree Arson, did not render his plea unknowing and involuntary.  In Shaw v. Johnson, 786 F.2d 993 (10th Cir. 1986), the Tenth Circuit Court of Appeals recognized a general principle that a defendant is not prejudiced by the use of an incorrect minimum sentence when the sentence imposed is within the correct sentencing range and is substantially in excess of the incorrect minimum sentence.  Id. at 997-98; see also McGee v. Higgins, 568 F.3d 832 (10th Cir. 2009).  That principle applies with full force and effect in this case. As noted by the OCCA, Petitioner was mistakenly advised that the sentencing range for Third Degree Arson was two (2) years to fifteen (15) years imprisonment, when the correct punishment provided by statute is a fine not to exceed $10,000.00 or imprisonment for not more than 15 years.

---

[3]  At the hearing on his motion to withdraw pleas, Petitioner testified that, on the morning he entered his pleas, he was taking four (4) antibiotics and Tylenol 3 with codeine.  See Dkt. # 10-3, Trans. Hr'g Mot. Withdraw Pleas at 6.

7

See Dkt. # 8, Ex. 3 at 3 (citing Okla. Stat. tit. 21, § 1403). Petitioner was sentenced to ten (10) years on Count VI. Thus, the sentence imposed for Count VI was within the correct sentencing range and was substantially in excess of the incorrect minimum sentence. Any argument that Petitioner's sentence would have been substantially below the sentence imposed is purely speculative, and does not serve to render Petitioner's plea unknowing and involuntary. He is not entitled to habeas corpus relief on this claim.

In determining that the trial judge did not abuse his discretion in denying Petitioner's motion to withdraw his plea, the OCCA applied the correct legal standard in analyzing Petitioner's plea. Moreover, the OCCA's factual conclusions are supported by the record. The Court finds that Petitioner has not presented clear and convincing evidence to rebut the presumption of correctness afforded the trial court and the OCCA's factual determinations. 28 U.S.C. § 2254(e)(1). Nor has Petitioner demonstrated that the OCCA's decision was an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d). For those reasons, habeas corpus relief is denied on proposition one.

### 2. Double jeopardy/double punishment violation

As his second proposition of error, Petitioner contends that the prohibitions against double jeopardy and double punishment were violated when the robbery of a single victim resulted in six separate convictions. See Dkt. # 1 at 18. On certiorari appeal, the OCCA focused primarily on the Oklahoma statute prohibiting multiple punishments, and held as follows:

> Henderson's convictions for shooting with intent to kill (Count 2), larceny of an automobile (count 5) and assault and battery with a dangerous weapon (count 7) do not violate the statutory prohibition on multiple punishment in 21 O.S. 2001, § 11(A) because the acts for which Henderson was convicted are separate and distinct. Nor does conviction for these crimes violate the federal or state constitutional prohibitions against double jeopardy because these crimes have different elements and require different proof.

> There is merit to Henderson's claim that his kidnapping conviction violates § 11. The evidence at the preliminary hearing does not support a finding that the kidnapping was separate and distinct from the robbery. Henderson took the victim to the condominium to steal things from his person and from the condominium. The confinement in the condominium was necessary to and a part of the robbery rather than a separate crime. Accordingly, Henderson's kidnapping conviction in count 3 must be reversed and dismissed.

(Dkt. # 8, Ex. 3 at 3-4).

As an initial matter, to the extent Petitioner claims that he has suffered multiple punishments in violation of the Oklahoma constitution or Oklahoma statutory law, Okla. Stat. tit. 21, § 11, the Court finds the claim should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on the Oklahoma constitution or an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief on a federal constitutional claim of double punishment. The double jeopardy clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). In addition, a single act may form the basis for the prosecution of two distinct statutory offenses whenever conviction for each offense requires the proof of a fact that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932); Anderson v. Mullin, 327 F.3d 1148, 1153-

54 (10th Cir. 2003); Goldsmith v. Cheney, 447 F.2d 624, 627-28 (10th Cir. 1971). In Petitioner's case, the OCCA found that the crimes of Shooting with Intent to Kill, Larceny of an Automobile, and Assault with a Dangerous Weapon were separate and distinct acts and did not violate the prohibition against double jeopardy. The Court agrees. Each of the offenses requires proof of a fact that the others do not. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. Therefore, his request for habeas corpus relief shall be denied. 28 U.S.C. § 2254(d).

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 17th day of May, 2013.

                                                                                                     _____
                                                                                                     CLAIRE V. EAGAN
                                                                                                     UNITED STATES DISTRICT JUDGE